In re   Todd & Karla Baltzell
Debtor(s)

Case No. 11-33333

# CHAPTER 13 PLAN

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF OHIO
## WESTERN DIVISION

(1) The future earnings or other future income of the Debtors is submitted to supervision and control of the Trustee.

(2) **THE DEBTORS SHALL PAY TO THE TRUSTEE** the sum of $1000.00 per month for a period of 60 months, plus all net tax refunds for the years 2010, 2011, 2012, 2013, and 2014.

(3) Trustee shall make disbursements as follows:

a) Full payment in deferred cash payments of all priority claims under Section 507.

b) Secured Creditors

1) **CitiMortgage-** is secured by a mortgage on the Debtor's Residential Real Estate located at: **3763 Wilson Rd. Rockford, OH 45882**, and shall be paid its arrearage claim of $0.00 by the Trustee, as the Debtors are current the regular payments to be paid by the Debtors directly to the Creditor. The Debtor may seek a loan modification. All post petition payments to be at the non-default rate of interest with no late charges assessed on post petition payments based upon the pre-petition arrearage. Any claim for post petition expenses or charges must be set forth on a supplemental claim to be filed within 60 days after the arrearage claim is paid by the Trustee. In the event there are expenses or charges claimed after the expiration of the 60 day period during the pendency of the Chapter 13 proceeding supplemental claims must be filed within 60 days after the expense or claim is incurred. In the event there are changes in the payment amounts the creditor must notify the Trustee of the changes before the anticipated change.

2) **Fifth Third Bank,** the lease of a 2007 Chevy Tahoe and will be paid directly by the Debtor to the Creditor.

3) **HSBC Retail Services** is secured by a **2008 Yamaha-R6** and will be paid its allowable secured claim of $5,000.00 by the Trustee, with interest at 5% if interest is claimed to the extent of the secured portion of the claim. The balance of said claim is to be paid as unsecured below.

4) **Wells Fargo,** the lease of a **2005 Hyundai Tucson** and will be paid directly by the CoDebtor to the Creditor.

5) **Chase** secured by a Judgment Lien on the Debtor's Residential Real Estate located at: 3763 Wilson Rd. Rockford, OH 45882. As said lien impairs the Debtors exemptions the lien will be avoided pursuant to 11USC section 522 and said Creditor will be paid as unsecured below.

6) **Target National Bank** secured by a Judgment Lien on the Debtor's Residential Real Estate located at: 3763 Wilson Rd. Rockford, OH 45882. As said lien impairs the Debtors exemptions the lien will be avoided pursuant to 11USC section 522 and said Creditor will be paid as unsecured below.

c) After payment of all priority and secured claims, the Trustee shall pay 100% of all unsecured claims duly proved and allowed. Said percentage to be reviewed after the claims bar date and the percentage may increase based upon the claims allowed and funds received from tax refunds

(4) The Court, from time to time during the period of this Plan, may increase or decrease the amount of the payments provided in this Plan or extend or reduce the period of time for any such payments.

(5) Title to the Debtor's property shall remain property of the estate until completion of the Chapter 13 Plan.

(6) All Creditors with claims disallowed or who fail to file claims will be barred

from proceeding with any action against the debtor or their property and upon completion of the Plan to the extent said creditor is secured said creditor shall immediately release its security interest.

All secured liens will remain on the collateral until completion of the Plan at which time the liens will be

(7) Debtor's Attorney having previously consented, all creditors having mortgages on debtors' real estate shall recommence normal correspondence regarding the mortgage with the debtors as was their normal business practice prior to the commencement of this case, including the issuance of coupon books and/or monthly statements, yearly escrow analyses, 1099's, and any and all other correspondence that would issue in the ordinary course of business. During this Chapter 13 case, the debtor(s) may attempt to enter into loss mitigation negotiations with their mortgage lender(s). This may result in an agreed modification of the debtor(s) mortgage(s).

**Dated: 06-14-2011**   Signature /S/ <u>Todd M. Baltzell</u>

**Debtor**

**Dated: 06-14-2011**   Signature /S/ <u>Karla J. Baltzell</u>

**Debtor**